OPINION
Plaintiff-appellant Maronda Homes, Inc. appeals from the May 10, 2000, Judgment Entry of the Delaware County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
Appellant Maronda Homes, an Ohio corporation that builds and sells single-family residences, built a model home as part of its Lexington Glen subdivision in Delaware, Ohio. After touring the model home, appellee Tim Wooten decided that he wanted to purchase the same from appellant. However, since appellee did not want immediate occupancy of the house since he needed time to save for a down payment, appellee agreed to purchase the home by leasing it back to appellant for use as a model home and sales office. The lease agreement, which was entered into on March 18, 1998, states, in relevant part, as follows: "The terms shall commence on the first day of April, 1998 or the day of closing and shall extend for a period of six months thereafter with the right of Lessee (to extend that lease at one month intervals thereafter) or (to renew the lease for an additional — months under the same terms). It is also mutually agreed that the Lessee may terminate at any time beyond 6 months by providing in writing intention to terminate the lease with a minimum of thirty days notice. It is also mutually agreed that this lease may terminate at any time, given consent of both parties."
The lease agreement was prepared by appellant. Subsequently, appellee wanted to terminate the lease and move into the house. Since appellant, however, had lots remaining in the subdivision to sell, appellant wanted to continue using the house as a model home. For such reason on or about April 7, 1999, appellee, through counsel, gave a written notice to appellant to vacate the subject property by May 30, 1999. On May 25, 1999, appellant filed the case sub judice seeking a declaration that the lease agreement was not subject to Revised Code Chapter 5321 and that, therefore, appellee did not have a right to terminate the lease. Appellant further sought a declaration that the lease term providing for an extension at one-month intervals was enforceable. Appellee counterclaimed for fraud and conversion. Following a bench trial in the Delaware County Common Pleas Court, the trial court, pursuant to a decision filed on October 29, 1999, determined that the terms of the lease were ambiguous, and that the lease was, therefore, unenforceable. The trial court dismissed appellee's counterclaim. Thereafter, appellant filed a timely appeal with this Court. Pursuant to an Opinion filed on March 24, 2000, in Case No. 99-CA-E-11-062, this Court sustained appellant's appeal in part, holding that "[h]aving found the contract to be ambiguous, the court was required, as the finder of fact in the instant case, to determine the renewal term of the lease." Accordingly, we remanded the matter back to the trial court for a determination of the renewal period. Subsequently, the trial court, in a May 10, 2000, Judgment Entry made the following findings of fact: The Court incorporates herein its previous Findings of Fact contained in its Judgment Entry of October 29, 1999. Further, the Court finds that the parties intended the lease term to be six months with a six month renewal. Following the one six month renewal period, the term could be extended at thirty day intervals by the lessee but in no event could the lease extend longer than one additional six month period (for a total of eighteen months). Mr. Wooten [appellee] was told that it would likely take eighteen months before all lots were sold. Neither party anticipated a lease term of more than eighteen months duration.
Based on such findings, the trial court concluded that because the lease began on April 1, 1998, appellee was entitled to immediate possession of the house since the lease would have terminated on October 1, 1999. It is from the trial court's May 10, 2000, Judgment Entry that appellant now prosecutes its appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT HELD THAT THE LEASE TERM WAS FOR AN INITIAL PERIOD OF SIX (6) MONTHS, WITH ONE (1) RENEWAL OF SIX (6) MONTHS, AND THEN AN ADDITIONAL MONTHLY RENEWALS (SIC) FOR NO MORE THAN AN ADDITIONAL SIX (6) MONTHS.
 II. THE TRIAL COURT ERRED WHEN IT HELD THAT NEITHER PARTY ANTICIPATED A LEASE TERM OF MORE THAN EIGHTEEN (18) MONTHS.
 I, II
Appellant, in its two assignments of error, argues that the decision of the trial court in this matter is against the manifest weight of the evidence. Appellant specifically contends that there is no competent and credible evidence in the record supporting the trial court's finding that the parties intended the lease term to be six (6) months with a six (6) month renewal. Appellant also challenges the trial court's finding that the parties never intended the lease to be for a period of more than eighteen(18) months. We are not the fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. Upon our review of the record, we concur with appellant that there is no competent and credible evidence in the record supporting the trial court's holding that the parties intended the lease to be for a period of six months with a single six month renewal. At the bench trial in this matter, appellee, when asked what about his understanding of the terms of the lease, testified as follows: "[i]t was guaranteed for six months. And then after this, it would be month to month for an additional six months, for a maximum of one year." Transcript of Proceedings at 52. (Emphasis added). Appellee also testified that Fred Moses, appellant's sales agent, "said that we could do that [purchase the model home] with a lease that would be guaranteed for six months, go month to month for an additional six months, and after a year, it would be done." Transcript of Proceedings at 38. At trial, appellee also was questioned regarding a FAX that he had sent to appellant reading as follows: "Does Maronda Homes have any estimate on how long the house will continue to be a module? I'm under no time crunch. This is more of a curiosity question." Transcript of Proceedings at 69. When asked about the FAX, appellee responded as follows: "[t]hat is my statement, but this was in reference to the fact that I knew that I was guaranteed for six months and the other part was month to month. So I was just asking if they were getting out prior to the end of the additional six months. That's what I meant by no time crunch. I was informing them that I was not asking them to get out prior to the end of the year." Transcript of Proceedings at 70. (Emphasis added). Clearly, based on the foregoing, appellee believed that after the initial six month lease term, the lease ran on a month-to-month basis for up to an additional six months. In contrast, during the bench trial, Fred Moses testified that the lease was for an initial six month term, and then ran month-to-month indefinitely. In short, we find that there was no competent and credible evidence in the record supporting the trial court's finding that the lease was for six months with a single six month renewal term. However, while appellant is correct in his assertion that the trial court erred in holding that the lease term was for an initial period of six months with one renewal of six months, such error is harmless. There was competent and credible evidence in the record that appellee believed the lease to be for an initial period of six months and then month-to-month for up to six additional months, for a maximum lease period of one year. By the time appellee, on or about April 7, 1999, gave written notice to appellant to vacate the subject property by May 30, 1999, the one year lease period would have expired. In other words, it made no difference at that point in time as to whether, during the second six months of the lease, the lease was for a six month block of time or ran month to month during that six months. For such reason, we find that the trial court's error was harmless. As is stated above, appellant also takes issue with the trial court's finding that "[f]ollowing the one six month renewal period, the [lease] term could be extended at thirty day intervals by the lessee but in no event could the lease extend longer than one additional six month period (for a total of eighteen months)." During the bench trial in this matter, Fred Moses testified that, before the lease was signed, he told appellee that his "guessimate" for the completion of the subdivision and the return of the model house to appellee was "a year-and-a half." Transcript of Proceedings at 23. Moses further testified that "upon further questions from him [appellee] regarding the time frame, I indicated that it was my estimation based on the way sales had gone in the previous months, that it would take approximately a year-and-a-half to finish those two phases [of the subdivision]." Transcript of Proceedings at 28. It is this testimony that the trial court relied on in its May 10, 2000, Judgment Entry in holding that following the six month renewal period, the lease could be extended at thirty (30) day intervals up to a total lease term of eighteen months. We find the evidence supported the conclusion by the trial court that the parties did not intend for the lease to go on indefinitely and that eighteen months was the maximum duration of the lease. Based on the foregoing, we find that the trial court's judgment in this matter was not against the manifest weight of the evidence since there is competent and credible evidence in the record supporting the trial court's findings of fact and conclusions of law. While there may have been conflicting evidence in this matter as to the terms of the lease, the trial court, as trier of fact, clearly was in the best position to observe the demeanor of the witnesses and to assess their credibility. See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
Appellant's two assignments of error are, therefore, overruled. The judgment of the Delaware County Court of Common Pleas is affirmed.
Edwards, J. Farmer, P.J. and Reader, V.J. concurs